UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE GABRIEL | ) Case Number |
| Plaintiff, | ) |
| vs. | ) CIVIL COMPLAINT |
| NCO FINANCIAL SYSTEMS, INC. | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, Denise Gabriel, by and through their undersigned counsel, Warren & Vullings, LLP, complaining of Defendant, and respectfully aver as follows:

I. INTRODUCTORY STATEMENT

1. Plaintiff is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant's principal place of business is here and the Defendant transacts business here.

## III. PARTIES

4. Plaintiff, Denise Gabriel ("Plaintiff"), is an adult individual and citizen of the State of New Jersey, residing at 33-11 Trumbull Road, Freehold, NJ 07728.

5. Defendant, NCO Financial Systems, Inc. ("NCO" or "Defendant") had, at all times relevant to this complaint, its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another, in this instance the alleged account was with Capital One. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Beginning in July 2008, Plaintiff started receiving a series of harassing calls from defendant and/or Defendant's agents. The harassing calls are relative to a consumer debt allegedly incurred by Denise Gabriel with Capital One.

8. Plaintiff received numerous calls to her residence, cell phone, and her work from an agent of the Defendant identified only as "John". "John" even called the Plaintiff's sister, Dawn Burtone, and discussed the Plaintiff's alleged debt with her. The phone numbers the agent called from were 800-747-5201, 704-523-8444, 808-298-6114, 802-282-4394, and 800-727-1142. The phone numbers the agent "John" called to were Plaintiff's cell phone (908-601-6489), Plaintiff's home (732-303-8268), Plaintiff's work (732-225-5033) and Plaintiff's sister, Dawn Burtone, (732-845-0348).

9. Since these harassing calls were placed to the Plantiff's sister, her sister has refused to speak with the Plaintiff.

10. The harassing calls to the Plaintiff's place of employment became so frequent that her employer has begun disciplinary action against her and her job is now in jeopardy. See attached letter marked as Exhibit "A".

11. The secretary, Irene Martinez, from Plaintiff's place of employment was harassed and intimidated by Defendant's agent, "John", by calls placed on August 11th, 12th and 13th, 2008.

12. The Plaintiff's sister, Dawn Burtone, was called and harassed about Plaintiff's alleged debt on July 28, 2008 @ 6:50 p.m., August 6, 2008 @ 7:45 p.m., August 8, 2008 @ 1:37 p.m. and August 9, 2008 @ 3:08 p.m. The Defendant told Ms. Burtone that the Plaintiff owed an $8,000 debt and then the Defendant's agent proceeded to ask Ms. Burtone: "Is there anything you can do to help her get rid of this?"

13. Between July 26, 2008 and August 19, 2008, the Defendant called the Plaintiff at home and on her cell phone more than 29 times.

14. Defendant, by and thru its agents, have threatened to sue the Plaintiff in the Superior Court of New Jersey and to garnish her wages if she did not pay the alleged debt.

15. Defendant, by and thru its agents, threatened to have a court officer come into her place of employment to embarrass her if she did not pay the alleged debt.

16. Neither the Defendant nor any agent of the Defendant ever gave the Plaintiff a mini-Miranda warning during their telephone conversations.

17. The harassing, intimidating, deceptive and bullying behavior of the Defendant are violations of the FDCPA.

## COUNT I
### FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

18. The above paragraphs are hereby incorporated herein by reference.

19. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of §§ 1692 b(1), b(2), b(3), c(a)(1), c(a)(3), c(b), d, d(5), d(6), e, e(2), e(3), e(4), e(5), e(10), e(11), f, and g.

20. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiffs for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant to 73 P.S. § 201-9.2.

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against Defendant and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

V.   **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

                                  Respectfully submitted,

                                  **WARREN & VULLINGS, LLP**

Date:   09/12/08                BY:   /s/ **Brent F. Vullings**
                                            Brent F. Vullings, Esq.
                                            Warren & Vullings LLP
                                            Identification No. 92344
                                            1603 Rhawn Street
                                            Philadelphia, PA  19111
                                            215-745-9800   Fax 215-745-7880
                                            Attorney for Plaintiff

EXHIBIT "A"

**Retailers &
Manufacturers
Distribution Service**

*Celebrating our 30th Anniversary*

August 20, 2008

To Whom It May Concern,

I am writing this letter with concern for one of our managers, Denise Gabriel. Ms. Gabriel has worked with Retailers & Manufactures for 11 years without incident. She has always conducted herself with professionalism and expects the same from her staff.

Recently two of our locations have been receiving phone calls for Mrs. Gabriel regarding a personal matter. These calls come all hours of the day. The person rarely leaves a contact number and is extremely rude and unprofessional. Repeatedly, the caller has been told that Ms. Gabriel cannot receive personal calls at work on company time but the calls continue.

During the first week of August, Mrs. Gabriel's assistant Ms. Martinez took a call by man named "John". Now, he calls her daily and speaks in a way I would call harassment. "John" has finally identified his company as NCO and has DEMANDED her name because she does not handle his calls in an appropriate way. Ms. Martinez has reached out to me because of her discomfort with these constant rude phone calls.

While I understand Mrs. Gabriel's embarrassment because of this company's inappropriate behavior, she is now in job jeopardy. Ms. Gabriel understands our company's policies and procedures regarding handling personal matters at work. As well, she has always enforced those standards with her own staff and now her own circumstance is out of control. As this is affecting our offices in a negative way, I will be forced to continue progressive discipline, if this situation does not improve dramatically in the very near future.

Sincerely,

Deborah M. Vanderbeck
Regional Director of Human Resources